**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4200**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AVONTE WARREN EVANS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00216-CCE-1)

───────────────

Submitted:  April 27, 2023               Decided: November 17, 2023

───────────────

Before NIEMEYER, AGEE, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Christopher R. Clifton, Michael A. Grace, Greer B. Taylor, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Margaret M. Reece, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Avonte Warren Evans pled guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced him to 90 months' imprisonment. On appeal, Evans argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). He contends that the presentence report contained allegations that were not part of the same course of conduct as the offense of conviction and that the evidence was insufficient to link his firearm possession to a drug trafficking offense. We affirm.

Section 2K2.1(b)(6)(B) provides for a four-level sentencing enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." *See United States v. McDonald*, 28 F.4th 553, 569 (4th Cir. 2022). The Guidelines define "another felony offense" as "any federal, state, or local offense, . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, cmt. n.14(C).

Section 3D1.2(d) of the Guidelines provides that "[a]ll counts involving substantially the same harm shall be grouped together." Counts involve substantially the same harm "if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior," such as offenses covered by USSG 2K2.1. USSG § 3D1.2(d). With respect to offenses for which USSG § 3D1.2(d) would require grouping, relevant conduct includes acts "that were part of the same course of conduct or

2

common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2); *see McDonald*, 28 F.4th at 563. To determine if acts are part of the same course of conduct, courts examine the degree of similarity of the offenses, the regularity (repetition) of the offenses, and the time interval between the offenses. USSG § 1B1.3, cmt. n.5(B)(ii); *McDonald*, 28 F.4th at 564.

Upon examination of these factors, we conclude that the district court did not err by finding that Evans' December 2019 constructive possession of a firearm was relevant conduct to his April 2020 offense of conviction because it was part of the same course of conduct. We further conclude that the district court therefore did not err in applying the four-level sentencing enhancement based on Evans' use or possession of a firearm "in connection with" another felony offense based on the December 2019 incident. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*